IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY BEATTY,

   Plaintiff,

v.     Civil Action No. RDB 12-3188

BAC HOME LOANS SERVICING, LP, AND
BANK OF AMERICA, N.A.,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court is the Motion to Dismiss this Complaint filed by the Defendants Bank of America, N.A. ("BANA"), individually and as a successor by merger to BAC Home Loans Servicing, LP ("BACHLS"). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow said Motion to Dismiss (ECF No. 6) is GRANTED.[1] Additionally, Defendants' Motion to Enjoin Plaintiff from Filing Further Surreplies and Claims Against Bank of America, N.A. (ECF No. 13) is GRANTED. The Court makes additional, but preliminary, findings that a general prefiling injunction against Plaintiff is appropriate.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no

---

[1] Plaintiff has filed a Motion for Default Judgment (ECF No. 12) which is rendered MOOT by the GRANTING of Defendants' Motion to Dismiss.

set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

On October 31, 2012, Plaintiff Gregory Beatty filed the instant Complaint alleging tortious conduct, breach of contract, and violation of various statutes arising from the foreclosure on a home he owned in Randallstown, Maryland. ECF No. 1. This is the third Complaint Plaintiff has filed that arises out of identical facts and circumstances.

On August 16, 2010, Plaintiff filed a Complaint in which he asserted the same factual allegations that he has presented in the instant case. *See Beatty v. BAC Home Loans Servicing, LP*, No. 10-CV-2229-RDB, 2011 WL 2516394 (D. Md. June 21, 2011). On June 21, 2011, after according the *pro se* Plaintiff a period of discovery, this Court granted summary judgment in favor of Defendant BAC Home Loan Servicing, LP, a named Defendant in the present action. *See id.* The Court found that the provisions of the loan agreement did not support a breach of contract claim based upon the misapplication of Plaintiff's mortgage payment. Further, this Court found that while Plaintiff's payments were misapplied, they were later applied properly upon revelation of the mistake. This Court also found that Defendant BAC did not violate any contract with Plaintiff based upon the cancellation of the homeowners insurance. Accordingly, summary judgment was granted in favor of BACHLS. *Id.* Plaintiff subsequently appealed the decision of this Court to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's decision. *See Beatty v. BAC Home Loans Servicing, LP*, 453 F. App'x 376 (4th Cir. 2011).

On April 14, 2012, Plaintiff filed a second Complaint in which he again averred the same factual allegations that he has set forth in the present case. *See Beatty v. BAC Home Loans Servicing, LP*, No. 12-CV-1148-GLR, 2012 WL 3656497 (D. Md. Aug. 23, 2012). The Court

found that the Complaint involved the same party, BAC Home Loans Servicing, LP, and identical, or substantially identical, subject matter and causes of action as were previously unsuccessfully litigated. *Id.* The Court dismissed Plaintiff's Complaint with prejudice on the basis of *res judicata* and collateral estoppel. *Id.*

Defendants now move to dismiss the present action for three reasons. First, Defendants argue that, pursuant to the doctrines of *res judicata* and collateral estoppel, this action must be dismissed with prejudice. ECF No. 6-1 at 8-11. Second, they claim that Plaintiff's failure to comply with Rule 12(b)(5) of the Federal Rules of Civil Procedure should result in dismissal of his Complaint. *Id.* at 7-8. Third, Defendants allege that Plaintiff's Complaint fails to comply with the pleading requirements of Rules 8(a) and 12(b)(6). *Id.* at 11-13.

Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. ECF No. 9. The Opposition however, fails to provide any cognizable argument against the application of *res judicata* and collateral estoppel. Defendants subsequently filed a Reply in Support of their Motion to Dismiss. ECF No. 10.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.

3

2012) (citation omitted).

In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010). Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure of extravagant claims defying the most concert efforts to unravel them.'" *Weller v. Dept. of Soc. Servs. for Balt.*, 901 F.2d 397, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

## ANALYSIS

I. <u>Plaintiff's Claims are Barred by *Res Judicata* and Collateral Estoppel.</u>

This Complaint is clearly barred by the doctrines of *res judicata* and collateral estoppel. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). In this Circuit, preclusion based on *res judicata* requires a showing of three elements: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir.), *cert. denied,* 454 U.S. 878 (1981).

Applying the doctrine of *res judicata* to the present case, the current litigation involves the same party, BAC Home Loans Servicing, LP, and identical, or substantially identical, subject matter and causes of action, which were unsuccessfully litigated in Plaintiff's first case.

Furthermore, this Court has previously ruled that the doctrines of *res judicata* and collateral estoppel applied to Plaintiff's second Complaint. *See Beatty v. BAC Home Loans Servicing, LP*, No. 12-CV-1148-GLR, 2012 WL 3656497 (D. Md. Aug. 23, 2012). Thus, based upon Defendants' Motion and Opposition thereto, as well as this Court's previous ruling in Plaintiff's second Complaint, the doctrines of *res judicata* and collateral estoppel apply, and Plaintiff's Complaint will be dismissed with prejudice. Because the Complaint is clearly precluded by *res judicata*, Defendants' additional arguments need not be addressed in detail.[2]

II.  Defendants Are Entitled to Injunctive Relief.

Defendants request and, after a preliminary finding, are entitled to injunctive relief to enjoin permanently Plaintiff from filing any further surreplies and from filing any further claims against BANA, including amended complaints, supplemental complaints, and/or new lawsuits without seeking and obtaining leave of the Court. Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the authority to issue a prefiling injunction against vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Before issuing a prefiling injunction, a district court must weigh the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

---

[2] According to ECF No. 4, Plaintiff attempted to serve the Complaint via "USPS Express Mail," in violation of Maryland Rule of Civil Procedure 2-121(a)(3). Additionally, the record gives no indication that Plaintiff attempted to serve BANA's resident agent, T Corporation, located at 351 W. Camden St., Baltimore, Maryland 21201. Thus, Plaintiff's service of process was not valid and Defendants are entitled to dismissal.

In his Complaint, Plaintiff also fails to state a claim upon which relief can be granted. The Complaint does not comply with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, the Complaint does not plead facts that support a reasonable inference that there has been some wrongdoing. *Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 570. Plaintiff simply concludes that BANA harmed him and requests relief from the Court. Thus, Defendants would also be entitled to dismissal because Plaintiff failed to comply with Rule 8(a).

*Id.* at 818. However this Court has noted, "ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D. Md. 2002) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). For the reasons that follow, this Court is inclined to issue a general prefiling injunction against Plaintiff and SHALL ORDER the Plaintiff to show cause why such an injunction should not issue based on its preliminary findings as follows.

  A. *History of Litigation*

Plaintiff has a history of filing vexatious and malicious complaints, impermissible surreplies, and groundless motions in this Court. On August 16, 2010, Plaintiff filed a Complaint alleging tortious conduct, breach of contract, and violation of various statutes arising from the foreclosure on a home he owned in Randallstown, Maryland. *See Beatty v. BAC Home Loans Servicing, LP*, No. 10-CV-2229-RDB, 2011 WL 2516394 (D. Md. June 21, 2011). On June 21, 2011, following discovery, this Court granted summary judgment in favor of Defendant BAC Home Loan Servicing, LP. *See id.* On April 14, 2012, Plaintiff filed a second Complaint in which he made the same factual allegations that he made in his first Complaint. *See Beatty v. BAC Home Loans Servicing, LP*, No. 12-CV-1148-GLR, 2012 WL 3656497 (D. Md. Aug. 23, 2012). The Court found that the Complaint involved the same party, BAC Home Loans Servicing, LP, and identical, or substantially identical, subject matter and causes of action, that were previously unsuccessfully litigated. *Id.* Thus, the Court dismissed Plaintiff's Complaint with prejudice on the basis of *res judicata* and collateral estoppel. *Id.*

On October 31, 2012, Plaintiff filed a third Complaint in which he again made the same factual allegations that he previously made in both his first and second Complaints. ECF No. 1.

As discussed above, the Court has found that the Complaint was substantively identical to the first and second complaints. Accordingly, Plaintiff's Complaint has been dismissed with prejudice on the basis of *res judicata* and collateral estoppel.

Not only has Plaintiff filed three substantively identical complaints, he has filed numerous impermissible surreplies and meritless motions. *See* Local Rule 105.2.a. ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). In his first Complaint, Plaintiff filed five impermissible surreplies and a meritless motion for summary judgment. In his second Complaint, Plaintiff filed ten surreplies in less than four months. In his third Complaint, Plaintiff filed a single surreply. Additionally, Plaintiff filed a frivolous Motion for Default Judgment based on his erroneous belief that the Defendants' failure to respond to his impermissible surreply entitled him to judgment as a matter of law.

Plaintiff's continuous filings of unfounded complaints, impermissible surreplies, and meritless motions has inundated both the Clerk's Office and chambers with frivolous documents causing a needless drain on already overburdened judicial resources. Thus, the Court preliminarily finds Plaintiff has an extensive history of vexatious and malicious litigation in this Court.

    *B. Good Faith Basis*

In reviewing Plaintiff's history of litigation in this Court, the Court preliminarily finds that he has lacked a good faith basis for instituting his various actions. It is possible that Plaintiff, as a *pro se* litigant, had a "good faith basis" for his second Complaint. However, once the Court dismissed that action on the basis of *res judicata* and collateral estoppel, it becomes impossible to view Plaintiff's third Complaint, which was substantively identical to his first two complaints, as anything more than an attempt to harass BAC Home Loans Servicing, LP and

burden the Court with futile litigation. It is objectively reasonable that Plaintiff must have known that his third Complaint would also be dismissed. Thus, the Court preliminarily finds that Plaintiff lacked a good faith basis for the filing of his third Complaint.

### C. Administrative Burden

The Court preliminarily finds that Plaintiff has become a substantial burden on judicial resources and the other parties to his filings. With each new document filed by Plaintiff, the Clerk must review, docket, and file the material and the Court must spend considerable time reviewing his unfounded complaints, impermissible surreplies, and meritless motions. Additionally, Plaintiff's vexatious and malicious filings have created needless expenses and burdens on that of the other parties. Plaintiff has forced BAC Home Loans Servicing, LP to defend three meritless actions within two and a half years, including defense of Plaintiff's appeal to the Fourth Circuit. Therefore, the Court preliminarily finds that Plaintiff's continuing conduct is an administrative burden.

### D. Adequacy of Alternative Sanctions

The Court preliminarily finds that anything less than a general prefiling injunction will be inadequate to halt the vexatious and malicious complaints, impermissible surreplies, and groundless motions filed by Plaintiff. Plaintiff has filed three complaints, two of which were dismissed on the basis of *res judicata* and collateral estoppel, as well as numerous impermissible surreplies and groundless motions. The dismissal of Plaintiff's second complaint put Plaintiff on notice not to file his claim again, yet Plaintiff proceeded to file a third substantively identical complaint, suggesting a greater sanction is warranted. Given Plaintiff's persistence in filing wholly unfounded complaints, impermissible surreplies, and meritless motions, this Court

burden the Court with futile litigation. It is objectively reasonable that Plaintiff must have known that his third Complaint would also be dismissed. Thus, the Court preliminarily finds that Plaintiff lacked a good faith basis for the filing of his third Complaint.

### C. Administrative Burden

The Court preliminarily finds that Plaintiff has become a substantial burden on judicial resources and the other parties to his filings. With each new document filed by Plaintiff, the Clerk must review, docket, and file the material and the Court must spend considerable time reviewing his unfounded complaints, impermissible surreplies, and meritless motions. Additionally, Plaintiff's vexatious and malicious filings have created needless expenses and burdens on that of the other parties. Plaintiff has forced BAC Home Loans Servicing, LP to defend three meritless actions within two and a half years, including defense of Plaintiff's appeal to the Fourth Circuit. Therefore, the Court preliminarily finds that Plaintiff's continuing conduct is an administrative burden.

### D. Adequacy of Alternative Sanctions

The Court preliminarily finds that anything less than a general prefiling injunction will be inadequate to halt the vexatious and malicious complaints, impermissible surreplies, and groundless motions filed by Plaintiff. Plaintiff has filed three complaints, two of which were dismissed on the basis of *res judicata* and collateral estoppel, as well as numerous impermissible surreplies and groundless motions. The dismissal of Plaintiff's second complaint put Plaintiff on notice not to file his claim again, yet Plaintiff proceeded to file a third substantively identical complaint, suggesting a greater sanction is warranted. Given Plaintiff's persistence in filing wholly unfounded complaints, impermissible surreplies, and meritless motions, this Court

preliminarily finds that nothing less than a general prefiling injunction will be capable of stopping Plaintiff from continuing to harass other parties and burden the Court.

In proposing a general prefiling injunction, this Court is mindful that Plaintiff is a *pro se* plaintiff and "absent exigent circumstances" courts should "not in any way limit a litigant's access to the courts," particularly when litigants are proceeding without counsel. *See Cromer*, 390 F.3d at 818 (citations omitted). Additionally, in crafting a prefiling injunction, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id.* at 818 (citations omitted). In light of Plaintiff's conduct, since this Court dismissed with prejudice his second Complaint on the basis of *res judicata* and collateral estoppel, the Court preliminarily finds that only a general prefiling injunction will ensure Plaintiff will end his harassing conduct in this Court.

Consistent with the notice and response requirements of *Cromer*, 390 F.3d at 819, Plaintiff is advised that this Court is inclined to enjoin him from instituting any new civil cases or from filing any new documents in any existing case in this Court in which he is the Plaintiff, without first obtaining approval from the undersigned judge. Should the Court confirm the preliminary findings, then the Clerk will be directed to refer any future filings by Plaintiff to the undersigned judge for review before entering them on the docket. Absent prior approval by the undersigned judge to enter a new filing on the docket, the Clerk will be directed to dispose of the new filing without additional action. Plaintiff is advised that nothing in this injunction will be construed as limiting his ability to defend himself in any civil or criminal matter in this Court.

CONCLUSION

For the reasons stated above, Defendants Bank of America, N.A., individually and as a successor by merger to BAC Home Loans Servicing, LP's Motion to Dismiss (ECF No. 6) is GRANTED, Defendants' Motion to Enjoin Plaintiff from Filing Further Surreplies and Claims Against Bank of America, N.A. (ECF No. 13) is GRANTED, Plaintiff's Motion for Default Judgment (ECF No. 12) is DENIED as moot, and Plaintiff is directed to SHOW CAUSE why a prefiling injunction should not issue against him.

A separate Order follows.

Dated: July 24, 2013          ___/s/_____
                              Richard D. Bennett
                              United States District Judge